Margaret Root, Plaintiff, *v.* John C. Pittenger, Robert C. Baldis, Frank N. Happ, Fred M. Heddinger, John D. Killian, Edward Smith and Robert F. Ward, as members of the Public School Employees' Retirement Board, and Thomas H. Reniers, Defendants.

Argued December 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR. did not participate.

*Michael Brodie,* with him *Pechner, Sacks, Dorfman, Rosen & Richardson,* for plaintiff.

*Burton D. Morris,* Deputy Attorney General, with him *Lawrence Silver,* Deputy ·Attorney General, and *Israel Packel,* Attorney General, for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, December 23, 1974 :

By preliminary objections to plaintiff's complaint in quo warranto, defendants assert that *exclusive original* jurisdiction over the cause of action asserted lies with the Supreme Court of Pennsylvania and that this is so notwithstanding a per curiam Order of that Court dated April 29, 1974, stating "[o]riginal jurisdiction refused"[1] involving the same parties and the same cause of action brought in this Court which is the subject of these preliminary objections.

The apparent want of logic of defendants' position finds support, however, in a prior decision of the Supreme Court in *Collins v. Gessler,* 452 Pa. 471, 307 A. 2d 892 (1973), in which the Court, as we understood the opinion and so viewed it in an opinion of this Court,[2] concluded that under Section 201 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. §211.201 (Supp. 1974-1975), the Supreme Court had *exclusive original* juris-

---

[1] *Root v. John C. Pittenger* (Supreme Court of Pennsylvania, Eastern District, No. 56 Misc. Docket 20).

[2] *Commonwealth ex rel. Specter v. Dennis and Cox,* 10 Pa. Commonwealth Ct. 439, 308 A.2d 915 (1973).

diction in all cases of quo warranto as to any officer of statewide jurisdiction.

In *Collins,* the public office in question was that of a district justice of the peace, which office the Court concluded to be one of statewide jurisdiction. In this case, it is not contested that the office in question is one of statewide jurisdiction.[3] In *Collins,* the quo warranto action was initiated in this Court and transferred to the Supreme Court because this Court believed it had no subject matter jurisdiction to decide issues touching upon the power and authority of the Supreme Court or courts of common pleas acting under its directions in matters concerning district justices of the peace. Upon transfer, the cause of action in the Supreme Court was subjected to preliminary objections questioning the original jurisdiction of the Supreme Court. That the Supreme Court has *original concurrent* jurisdiction over the cause of action asserted in *Collins* under Section 201 of the Act cannot be questioned. In dismissing the preliminary objections in *Collins,* however, the Supreme Court, by footnote, also observed that plaintiff, in initiating the suit in the Commonwealth Court, had erroneously invoked its jurisdiction under Section 401 (a) of the Act, 17 P.S. §211.401, which provides that the Commonwealth Court shall have *original* jurisdiction in all cases of quo warranto as to any officer of statewide jurisdiction, which jurisdiction shall be *exclusive,* except as provided under Section 201.

In the instant action, plaintiff, faced with *Collins* and our opinion in *Dennis and Cox,* initiated the same cause of action in both the Supreme Court and this Court; was met with the aforesaid per curiam Order of the Supreme Court refusing original jurisdiction

---

[3] Annuitant member, Public School Employees' Retirement Board.

of the cause of action, and now faces the preliminary objections in question in this Court. If our view of *Collins*, as expressed in *Dennis and Cox*, is correct, then plaintiff's access to the judicial system has been denied by the combined effect of the Supreme Court's refusal to take original jurisdiction of plaintiff's cause of action and our sustaining of defendants' preliminary objections, a result that cannot be permitted to happen.

Notwithstanding our expressed view of the meaning of *Collins*, we shall refuse defendants' preliminary objections and direct this cause of action to proceed upon the merits. Defendants' right to appeal the jurisdictional question is preserved, plaintiff's right to access to the judicial system is thus given meaning and justice should not be delayed because of the seemingly irreconcilable jurisdictional issue.

Accordingly, we enter the following

ORDER

Now, December 23, 1974, defendants' preliminary objections are hereby dismissed and they are hereby directed to answer plaintiffs' complaint within twenty (20) days of the date of this Order.